UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

DELMONT O. DAPREMONT, JR.,                    Case No. 03-17206

    Debtor.

COASTAL FORD, INC., and FORD
MOTOR COMPANY,

    Plaintiffs,

v.                                              Adv. No. 04-1054

DELMONT O. DAPREMONT, JR.,

    Defendant

### ORDER DENYING COASTAL FORD, INC. AND FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT

Irvin Grodsky, Attorney for Debtor
William L. Howell, Attorney for Coastal Ford Inc., and Ford Motor Company
Denise I. Littleton, Chapter 7 Trustee

This matter is before the Court on the motion of Plaintiffs Coastal Ford, Inc. and Ford Motor Company for summary judgment against defendant Delmont O. Dapremont, claiming the debt he owes to them is nondischargeable. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying plaintiffs' motion for summary judgment.

FACTS:

Delmont Dapremont, the debtor, was the day-to-day manager, director and President of Coastal Ford, a Delaware corporation wholly owned by Ford Motor Company. Under the operation of Dapremont, Coastal lost money. Dapremont was terminated as operator on April 8,

1997. Upon taking over the operation of Coastal after Dapremont's termination, Ford determined that Dapremont had been marking up advertising invoices paid by Ford to take a percentage for himself. Dapremont never disclosed this scheme to Coastal or Ford. Coastal was unprofitable during the time of this scheme, which led to Ford investing or loaning additional money to the dealership to fund the shortfall in the dealership operations. Ford and Coastal sued Dapremont for his wrongful scheme in the United States District Court for the Southern District of Alabama. A final judgment was entered in favor of plaintiffs against Dapremont on January 29, 1999. The Court awarded Ford and Coastal judgment on their claims in the amount of $602,297. The district court's order concluded that Dapremont's advertising scheme breached his contractual duty to Ford. The order also held that Dapremont, as a director and officer of Coastal, owed Coastal a fiduciary duty, and that he breached these duties to Coastal by taking funds from the dealership.

On January 6, 1998, Coastal changed its name to CFI Sales, Inc. CFI f/k/a Coastal was dissolved April 1, 2002. At the time of its dissolution, CFI was still wholly owned by Ford. On December 10, 2003, Dapremont filed a Chapter 7 bankruptcy. Ford and Coastal timely filed this adversary proceeding, seeking to hold the balance of the federal court judgment nondischargeable for "fraud or defalcation while acting in a fiduciary capacity."

LAW:

This is a motion for summary judgment and it is controlled by Rule 56 of the Federal Rules of Civil Procedure, which has been made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7056. A court shall grant summary judgment to a party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not

to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 106 S. Ct. at 2510-511. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In defense, Dapremont asserts that plaintiffs' summary judgment motion must fail for various reasons. Initially defendant argues that Ford is barred from asserting its claim is nondischargeable because the District Court judgment only held him liable to Ford for breach of contract, a dischargeable type of debt. However, even though the prior court judgment found Dapremont in breach of contract to Ford, res judicata does not bar Ford from offering additional evidence to show the debt was a product of fraud. *Brown v. Felsen*, 442 U.S. 127 (1979); *see also Archer v. Warner*, 538 U.S. 314, 323 (2003) (holding that settlement agreement of underlying suit, which did not settle the issue of fraud, did not bar plaintiff from showing that the settlement debt actually arose out of fraud and was, therefore, nondischargeable under § 523(a)(2)(A)).

Dapremont also claims that Coastal's motion for summary judgment must be denied because it has been dissolved and therefore, Dapremont argues, it has no standing to bring this adversary proceeding. This defense must also fail. Coastal was incorporated under the laws of Delaware. The mere changing of Coastal's name to CFI did not eliminate the corporation's standing and defendant has cited no authority to support this position. Furthermore, under Delaware's general corporation law, after a corporation is dissolved, it nevertheless continues for three years from the date of its dissolution for the purpose of prosecuting and defending suits. Del. Code Ann. tit. 8, § 278. Since CFI was dissolved on March 20, 2002 and this adversary was brought within the three year period provided by Delaware law, CFI f/k/a Coastal has standing to

pursue this cause of action. Since Dapremont's preliminary defenses fail, the Court will now examine the plaintiffs' claims.

The plaintiffs, Coastal and Ford, assert that the debt owed to them by Dapremont is a nondischargeable debt pursuant to the fiduciary fraud or defalcation clause of 11 U.S.C. § 523(a)(4). Section 523(a)(4) states, in pertinent part, that "[a] discharge under section 727. . . of this title does not discharge an individual debtor from any debt– (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" The plaintiffs must prove two elements to sustain a § 523(a)(4) "fiduciary fraud or defalcation" claim. First, plaintiffs must prove the existence of a fiduciary relationship. Second, plaintiffs must prove that a fraud or defalcation occurred in the course of a fiduciary relationship. *Dominie v. Jones (In re Jones)*, 306 B.R. 352, 357 (Bankr. N.D. Ala. 2004); *Vandegrift v. Wilkins (In re Wilkins)*, Case No. 99-12592-MAM-7, Adv. No. 99-1258 (Bankr. S.D. Ala. April 25, 2002); *Freeman v. Frick (In re Frick)*, 207 B.R. 731, 734 (Bankr. N.D. Fla. 1997).

The question of whether Dapremont was acting in a fiduciary capacity is controlled by federal law. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934); *Smith v. Khalif (In re Khalif)*, 308 B.R. 614 (Bankr. N.D. Ga. 2004); *Houston v. Capps (In re Capps)*, 193 B.R. 955, 960 (N.D. Ala. 1995). The traditional definition of "fiduciary" contemplates a special relationship of confidence, trust, and good faith. *Frick*, 207 B.R. at 734. However, federal courts have found the traditional definition of fiduciary "to be far too broad" for purposes of § 523(a)(4), and have limited the scope of the term fiduciary under that section to include only express and technical trusts. *Quaif v. Johnson*, 4 F.3d 950, 952 (11th Cir. 1993) (noting that the Supreme Court has consistently held that the term "fiduciary" is not to be construed expansively, but instead is intended to refer to technical or express trusts); *Frick*, 207 B.R. at 737-38; *Capps*, 193 B.R. at 960;

*Carey Lumber Company v. Bell*, 615 F.2d 370, 374-75 (5th Cir. 1980). Fiduciary relationships created by express trusts are typically entered into voluntarily by contract, whereas technical trusts are imposed on the parties. *Jones*, 306 B.R. at 355. A technical or express trust requires (1) a declaration of affirmative trust duties, (2) a segregated trust res, and (3) an intent to create a trust relationship. *United Food and Commercial Worker's Union Local v. Eldridge (Matter of Eldridge)*, 210 B.R. 188 (Bankr. N.D. Ala. 1997); *Council 49, Am. Fed'n of State, County and Mun. Employees v. Boshell (In re Boshell)*, 108 B.R. 780, 783 (Bankr. N.D. Ala. 1989). The trust relationship must have existed prior to the act which created the debt. *Quaif*, 4 F.3d at 952. The burden is on the plaintiffs to prove each element of their nondischargeability claim by a preponderance of the evidence, including the existence of an express or technical trust. *See Grogan v. Garner*, 498 U.S. 279 (1991). Whether an express trust relationship exists must be determined by reference to state law. *Capps*, 193 B.R. at 960 (citations omitted).

The plaintiffs have neither proven nor alleged the existence of a technical or express trust under which Dapremont owned them a fiduciary duty. Plaintiffs' contention that Dapremont was a fiduciary relies mainly on the December 3, 1998, Order of the United States District Court, Southern District of Alabama, which concluded, among other things, that "Dapremont's admittedly unauthorized conduct of taking funds from the dealership. . . breached his fiduciary duty to Coastal Ford." Plaintiffs seek to apply collateral estoppel in this Court to bar relitigation on the issue of Dapremont's breach of fiduciary duty. Although collateral estoppel principles apply in bankruptcy nondischargeability proceedings, *see Grogan*, 498 U.S. at 284, the elements required to apply collateral estoppel are not present here because there is no indication that the District Court, in reaching its conclusion, used the more narrow interpretation of "fiduciary" that is needed to sustain a § 523(a)(4) claim.

The existence of an express or technical trust is required before a fiduciary relationship can exist for purposes of § 523(a)(4). *Quaif*, 4 F.3d at 952-55. In *Quaif*, the debtor, a licensed insurance agent, failed to remit insurance premiums he collected on behalf of the insurer. The Georgia insurance code imposes a fiduciary duty on insurance agents to segregate all premiums in an account separate from the agents' personal funds and to promptly pay the premiums to the insurer. The Eleventh Circuit found that the debtor's duty to segregate premiums in an account separate from other types of funds was sufficient to establish that a statutorily created or technical trust relationship existed between the debtor and the insurer prior to the debtor's act of defalcation. There is not a similar Alabama statute creating a duty on corporate officers and directors to segregate or account for trust funds. *Jones*, 306 B.R. at 356.

It is true that Dapremont was the president and a director of Coastal, and as such he owed to Coastal the general duties for corporate officers and directors as set forth in Alabama Code §§ 10-2B-8.30 and 8.42 (1975). But, these provisions simply require corporate directors and officers to discharge their duties in good faith, with the care of an ordinarily prudent person, and in a manner believed to be in the best interest of the corporation. The duties of good faith owed by a corporate officer will not suffice to prove that a fiduciary relationship existed between Dapremont and plaintiffs for purposes of § 523(a)(4). *Dominie v. Jones (In re Jones)*, 306 B.R. 352, 357 (Bankr. N.D. Ala. 2004); *see also Florida Dept. of Ins. v. Blackburn (In re Blackburn)*, 209 B.R. 4 (Bankr. M.D. Fla. 1997) (the general fiduciary duties owed to a corporation by its officers and directors are insufficient, by themselves, to support a claim that the officers and directors stand in a "fiduciary capacity" to the corporation for purposes of § 523(a)(4)); *Jones v. Ellis*, 551 So.2d 396, 403 (Ala. 1989) ("The duties of a trustee carry a much stricter standard than do those of a corporate director."). Nothing in plaintiffs' motion, brief in support, or attached exhibits proves the

existence of an express or technical trust. Moreover, the plaintiffs have not pointed the Court to or cited any case law, statutory authority or regulation which contends to create this type of trust between plaintiffs and Dapremont. Because there is no proof of the fiduciary capacity required to sustain plaintiffs' claim, the Court need not determine whether a "fraud or defalcation" occurred. Furthermore, plaintiffs have not pleaded nor proved that there has been an embezzlement or larceny committed by Dapremont. Therefore, looking at the facts in the light most favorable to Dapremont (the nonmoving party), there is a genuine issue of material fact, and plaintiffs' motion for summary judgment must fail.

IT IS ORDERED that plaintiffs' motion for summary judgment is DENIED.

Dated: December 21, 2004

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE